## Charles Kent *vs.* Administrator of De Baun.

An injunction will not be retained which rests on an agreement, alleged to have been lost, where the bill does not state that any application for such agreement has been made to the person with whom it stated it was deposited, and contains no averment that the contents of the lost instrument can be proved, and where the other party to such agreement is deceased.

The Chancellor. The grounds for this injunction rest upon two facts, stated in the bill—*first*, that there was a written agreement between the complainant and James De Baun that the latter should look to James A. and Nicholas Kipp for payment of the note; and *second*, that there was an understanding between the complainant and the defendant, De Baun, that the suit was instituted against him not for the purpose of recovering and enforcing a judgment, but because, the note being joint, the law required the action to be brought in the form it was.

The bill itself is a very feeble one, in its statement of facts, to justify the interference of the court. It states that the written agreement referred to was placed in the hands of Caffrey and White, and that the complainant has made diligent search for it, and cannot find it. There is no allegation that any application for the paper has been made to the parties with whom it is alleged it was deposited. But what is still more material, there is no allegation that the complainant can prove by any one the contents of the lost agreement. The defendants are the personal representatives of James De Baun, with whom it is said the agreement was made, and there is no pretence that they have any knowledge of the agreement or its contents. If the complainant cannot prove the agreement, it is useless to continue this injunction. Since the coming in of the answer, it is clear that he cannot prove it. The defendants not only deny all personal knowledge of it, but they state facts and circumstances

altogether inconsistent with the existence of any such agreement. And further, they state that they have, since the bill was filed, called upon the surviving partner of the firm of Caffrey and White, who informed them that he was present at the time of the transaction which induced, as the bill affirms, the giving of the alleged agreement; that there was no such agreement, and none like it was ever placed in the hands of Caffrey and White.

As to the other fact—that there was an understanding between the complainant and the defendant, De Baun, that the suit was brought against him only because it was necessary to comply with the forms of law—it is stated in the bill in a manner not calculated to inspire much confidence. It does not state that there was any agreement that the judgment should not be enforced against the complainant. It is not said that De Baun went to the complainant to explain the necessity of prosecuting him, but it is simply stated that there was an *understanding*, without any statement as to particulars.

The answer denies that there was any such understanding, and it denies all knowledge of the facts which could give any occasion for such an understanding.

The answer is a very full and satisfactory one, and I think the defendants are entitled to have the injunction dissolved.